STATE OF MAINE
Androscoggin, ss.

RECEIVED & FiLED

MAY 13 2002

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
Civil Action
Docket No. AP-01-21

CARLTON C. AMES,

Appellant

v.

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

Respondent

**DECISION AND ORDER**

DONALD L. GARBRECHT
LAW LIBRARY

MAY °°

The Appellant was employed by Oxford Aviation, Inc. as a certified aircraft mechanic. While working on an aircraft two co-workers entered the hangar on the opposite side of the aircraft. Ames could not see them and heard one of them (Rick Brown) making noises that Ames believed mimicked his speech. Ames asked, "why are you monkeying me?" or "are you mocking me, you monkey?, or a similarly worded question. Brown, an African-American, took offense to the use of the word "monkey," believing it to be a racial slur. There were profanity-laced verbal taunts hurled by and at each other and a pushing-shoving match that was broken up by a third person.

Ames claims that Brown punched him several times in the body and face. The Commission found, and the court agrees, that the video tape submitted by Ames does not support his claim of evidence of injury to the facial area, although it does show a cut on his arm apparently caused by a tool that Ames was holding when the fight broke out.

Ames left work and reported the incident to a supervisor. Both employees were suspended for a week without pay; Brown for his attack on Ames, and Ames for his remarks that were considered as provocation.

Ames did not return to work after the suspension believing that it would be unsafe to continue to work with Brown. Oxford Aviation stated that arrangements could have been made to keep Ames and Brown separated.

Ames' application for unemployment compensation was initially approved upon the finding that he quit his job for good cause. An appeal by Oxford Aviation resulted in the same decision from an Administrative Hearing Officer; however, an appeal to the Commission resulted in a finding that Ames left his employment voluntarily without good cause. Ames' request for reconsideration was denied and he has brought this appeal.

This court's review of the Commission's decision is limited to determining whether the Commission correctly applied the law and whether its fact findings are supported by the evidence. *McPherson v. Unemployment Ins. Comm'n*, 1998 ME 177, 714 A.2d 818 (The court "will not disturb a decision of the Commission unless the record before the Commission compels a contrary result."). *Id.* at ¶ 6, 714 A.2d 820.

In reviewing an agency decision, the issue before the court is not whether the court would have reached the same conclusion, "but whether the record contains competent and substantial evidence that supports the result reached." *CWCO, Inc. v. Superintendent of Ins.*, 703 A.2d 1258, 1261 (Me. 1967).

Good cause to leave one's employment "exists when the pressure of real, substantial and reasonable circumstances compels the employee to leave. The employee must be forced to quit because of outward pressures." *Henry v. Maine*

2

*Unemployment Ins. Comm'n*, 518 A.2d 1046, 1049. Good cause must be measured against an objective standard of reasonableness under all of the circumstances." *Id.*

In this case, the Commission found that Ames did not have good cause to leave his employment. The Commission's conclusions are adequately supported by substantial evidence in the record—including the fact that all of the witnesses to the incident between Ames and Brown recalled a shoving match, not the physical beating claimed by Ames. Furthermore, while it appears that the employer could not guarantee that Ames and Brown would never come into contact at all in the future, it is evident that the two employees had very different responsibilities, that the employer would act to keep them separated and that work-necessitated contact between the two would be rare. (See R. p. 234-37).

The court finds that the record supports the Commission's determination that Ames left his employment without good cause. "Good cause" is measured by an objective standard. *Spear v. Maine Unemployment Ins. Comm'n*, 505 A.2d 82, 84 (Me. 1986).

The Commission did not commit an error of law.

The clerk will make the following entry as the Decision and Order on Appeal:

> On appeal, the decision of the Unemployment Insurance Commission is affirmed.
> So Ordered.

DATED: May 13, 2002

Thomas E. Delahanty II
Justice, Superior Court

3

Date Filed _December 17, 2001_ _ANDROSCOGGIN_ Docket No. _AP-01-21_
County

Action _80C APPEAL - UNEMPLOYMENT BENEFITS_

MAINE DEPARTMENT OF LABOR

CARLTON T. AMES
250 E. Hardscrabble Road
Auburn, ME 04210

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Elizabeth J. Wyman, AAG BAR NO. 7772<br>Pamela W. Waite, AAG BAR NO. 2448<br>DEPARTMENT OF THE ATTORNEY GENERAL<br>6 State House Station<br>Augusta, ME 04333-0006 | Pro Se |

| Date of Entry | |
|---|---|
| 2001<br>Dec. 27: | Received 12-17-01.<br>Summary Sheet, filed. (No filing fee required.)<br>Petition for Review of Final Agency Action, Pursuant to Rule 80 C, with attachments, filed. |
| 2002<br>Jan. 3: | Received 1-3-02.<br>Appearance of Oxford Aviation, Inc. and Response to Petition in Support of Affirmance of Agency Action, filed.<br>Gregory R. Smith, Esq. appears on behalf of Employer Oxford Aviation, Inc. |
| Jan. 8: | Received 1-7-01.<br>Correspondence from Elizabeth J. Wyman, Esq. and Pamela W. Waite, Esq. RE: Entries of Appearance on behalf of Maine Employment Insurance Commission, fil |
| Jan. 18: | Received 1-18-02.<br>Plaintiff's Motion for Enlargment of Time to Serve the Administrative Record, filed. |
| Jan. 22: | Received 1-22-02.<br>Order, filed. (Delahanty, II, J.)<br>   It is hereby ordered, upon Motion of the Respondent and without objection<br>   by the Petitioner, that the deadline for serving the administrative<br>   record is enlarged to January 31, 2002.<br>copies mailed Elizabeth J. Wyman, AAg and Carlton T. Ames on 1-22-02. |
| Jan. 31: | Received 1-31-02.<br>Administrative Record (Tape of Carlton T. Ames), filed. |
| " " | On 1-31-02.<br>Notice and Briefing Schedule, 80C Appeal of Final Agency Actions mailed<br>Carlton T. Ames, Elizabeth J. Wyman, AAG and Pamela W. Waite, AAG on 1-31-02.<br>(Copy in file) Appellant's Brief due on or before March 12, 2002. |